[Civ. No. 1109.    Second Appellate District.—June 29, 1912.]

## CITY OF VERNON, a Municipal Corporation, Appellant, v. LOS ANGELES GAS AND ELECTRIC CORPORATION, Respondent.

ACTION BY CITY TO ENJOIN GAS-PIPES FOR ILLUMINATION—SUPPORT OF FINDING—PROPER CONCLUSION AND JUDGMENT—CONSTITUTIONAL RIGHT.—Where the city of Vernon, which is contiguous to the city of Los Angeles and has no works for supplying itself with light, sued to enjoin the Los Angeles Gas and Electric Corporation from laying twelve-inch pipes in its streets, and for a mandatory injunction requiring it to remove its pipes already laid, and the court found, upon sufficient evidence, that the laying of such pipes was necessary to supply its inhabitants with illuminating gas, it also properly found, as a conclusion of law, that defendant had the right, under section 19 of article XI of the constitution, to lay such pipes in its streets, and that plaintiff should be enjoined from interfering therewith, and entered judgment accordingly.

ID.—CONSTRUCTION OF CONSTITUTIONAL GRANT—SHOWING OF EXISTING DEMANDS NOT REQUIRED.—The constitutional grant made in section 19 of article XI of the constitution to gas and water companies to lay their pipes in the public streets of a city is not to be construed as requiring either of such companies to work up or show or have any contracts or existing demands for their commodity in the city by the city or its inhabitants, in order to entitle them to enter upon the streets and lay their pipes; but either of said companies possesses the right, having a commodity for sale, to enter upon the streets and put themselves in position to supply any demand made upon them, regardless of any existing demand.

ID.—QUESTION OF NECESSITY—SUPPORT OF FINDING.—The provision in section 19 of article XI of the constitution that the right is given to lay down pipes "so far as may be necessary for introducing into and supplying such city or its inhabitants with gaslight or other illuminating light," has reference to the necessity which must exist in order to a complete and practical system necessary and proper for supplying light to the entire city or its inhabitants. It is held that the court found upon sufficient evidence that there was a necessity for all of the pipes laid for the purposes intended.

ID.—QUESTION OF INDEMNITY FOR DAMAGES FOR EXCAVATION UNDER CITY ORDINANCE.—Though the street superintendent could exercise a proper general supervision over the work of excavation, to the extent only of seeing that the constitutional right was not exceeded, he could not, in the absence of an ordinance by the city, exact any indemnity by way of damages in the work of excavation; but where the

city, while the work was in progress, passed an ordinance requiring the excavators to perform the work under the supervision of the street superintendent, and a deposit by way of damages, and such deposit was tendered to the street superintendent and was refused by him, without objection to its sufficiency, the court, in the action by the city, properly determined that question, and ordered the proper amount of indemnity to be deposited in court for that purpose.

APPEAL from an order of the Superior Court of Los Angeles County denying a new trial. Curtis D. Wilbur, Judge.

The facts are stated in the opinion of the court.

Gesner Williams, for Appellant.

Wm. A. Cheney, and LeRoy M. Edwards, for Respondent.

ALLEN, P. J.—Plaintiff by its action sought to enjoin the defendant from making excavations in the public streets of the city of Vernon, or laying gas-pipes therein, as well as for a mandatory injunction requiring defendant to remove certain pipes already laid.

It is conceded that defendant is a corporation engaged in supplying gas; that the city of Vernon owns and controls no public works for such purpose; that the city of Vernon had an officer performing the duties of street superintendent during all of the times mentioned in the proceedings; that prior to the sixth day of June, 1910, the defendant entered upon the streets and commenced laying gas-mains therein for the purpose of distributing gas from its works at Los Angeles, the two cities being contiguous. This entry and the work of excavation and the laying of pipes were known by the street superintendent, who interposed no objection to the character of the work or the manner in which the same was being done. The city at that time had passed no ordinance regulating such work, or for the damages or indemnity for damages occasioned thereby. After having laid in the streets certain pipes of lesser diameter, on the twenty-third day of May, 1910, defendant commenced the laying of pipes having a diameter of twelve inches, and continued to lay pipes of such character for a considerable time. On the sixth day of June, 1910, the city passed an ordinance providing that all excavations should

be done under the supervision of the street superintendent of said city of Vernon, and that a deposit of ten cents per square foot of proposed excavation in unimproved streets should be made with the street superintendent as indemnity for damages before any excavation should be made. Thereupon, after the passage of such ordinance, the defendant tendered to the street superintendent the sum of $750 as indemnity, being the amount required by said ordinance for work thereafter to be done, which sum the street superintendent refused to accept, no objection, however, being made as to the amount tendered. Upon the hearing of the action the court found that $1,200 was a sufficient indemnity for damages occasioned by the laying of pipe before the passage of the ordinance, which amount it directed the defendant to pay to the street superintendent, who refused to receive such sum, and the same was deposited in the treasury of the court for the use and benefit of plaintiff. The court finds that the laying of this twelve-inch main was necessary to supply the inhabitants of the city of Vernon with illuminating gas, and as a conclusion of law determined that under section 19, article XI, constitution of the state, the defendant had a right to enter upon the streets and lay its pipes, and that the plaintiff should be enjoined from interfering with such work. Judgment was accordingly entered, and from an order denying a new trial plaintiff appeals.

It is appellant's contention that the constitutional grant of franchises to gas and water companies is restricted to instances where a necessity is shown to exist for supplying an existing demand of either the city or its inhabitants, and that it does not appear that the twelve-inch main was necessary in order to supply such demand as then existed in the city. As we construe this constitutional grant, neither gas nor water companies are required to work up or show or have any contracts or existing demands for their commodity in the city, either upon the part of the city or its inhabitants, in order to entitle them to enter upon the streets and lay their pipes. Either of said companies possess the right, having a commodity for sale, to enter upon the streets, lay their pipes and put themselves in position to supply any demand made upon them, regardless of any existing demand. In section 19 referred to, the right to lay down pipes is given "so far as may

be necessary for introducing into and supplying such city and its inhabitants either with gaslight or other illuminating light.'' The most that can be said of this restriction with reference to the necessity which must exist is that they may not excavate the streets and lay down pipes therein in a manner other than that necessary to a complete and practical system for supplying gas or water to the entire city and its inhabitants. It is probably true that were a company of this character to undertake to make excavations and lay pipes, and it could be shown to the court that a complete and practical system necessary and proper for the distribution of its gas to all the inhabitants of the city did not require certain streets to be used for that purpose, such court might, by an appropriate order, prevent excavations therein.° But in the case at bar the court finds a necessity for all of the pipes for the purposes intended; that the same is not a commercial pipe-line, as claimed by plaintiff, which is being laid only for the purpose of conveying gas to points beyond the city, and we find evidence in the record to sustain this finding. This being true, we can see no reason why defendant was not, as to the pipe laid after the enactment of the ordinance, acting within the clear letter of the law; and while we do not find any support for the finding that the street superintendent had knowledge of the laying of twelve-inch pipe at the time it was commenced and during its continuance until the passage of the ordinance, nevertheless, we think this finding is of no particular materiality. The street superintendent did have knowledge of the excavation and laying of pipes for the purpose of introducing gas into the city; he made no objection thereto. He had no authority, in the absence of an ordinance, to require any indemnity. The most that could be said was that his authority existed to the extent only of seeing that the constitutional grant of franchise was not exceeded, and that the work being done was done in a proper, safe and expeditious manner. Having the right to enter for this purpose, and the street superintendent having knowledge of that fact, it was not necessary that he should have notice of any change in the size of pipe-lines, or other matters pertaining merely to the proper and correct manner of laying such pipe. We think all the other findings of the court have some support from the evidence, in so far as they were material in the action, and

that the city having been, by the action of the defendant and through the order of the court, fully indemnified on account of damages, the court was warranted in denying plaintiff any relief and in granting relief to defendant. The material findings, as before said, having support, the motion for a new trial was properly denied, the action of the court in reference thereto being the only question before this court.

The order denying a new trial is affirmed.

James, J., and Shaw, J., concurred.